**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| E-CONTACT TECHNOLOGIES, LLC, § | |
| § | |
| PLAINTIFF, § | |
| § | CIVIL ACTION NO. 1:12-CV-082 |
| v. § | |
| § | |
| THE ENDURANCE INTERNATIONAL § | JURY TRIAL DEMANDED |
| GROUP, INC., § | |
| § | |
| DEFENDANT. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action for patent infringement in which E-Contact Technologies, LLC makes the following allegations against The Endurance International Group, Inc.:

### PARTIES

1. Plaintiff E-Contact Technologies, LLC ("E-Contact") is a Texas company having a principle place of business of 815 Brazos St, Ste. 500, Austin, Texas 78701.

2. On information and belief, Defendant The Endurance International Group, Inc., ("EIG") is a Delaware corporation with its principal place of business at 70 Blanchard Rd., 3rd Floor, Burlington, Massachusetts 01803. EIG has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801, as its agent for service of process.

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This court has subject matter jurisdiction pursuant to the above statutes, including 35 U.S.C. § 271, *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,347,579

6. Plaintiff is the owner by assignment of United States Patent No. 5,347,579 ("the '579 patent") entitled "Personal Computer Diary." The '579 patent issued on September 13, 1994. A true and correct copy of the '579 patent is attached hereto as Exhibit A.

7. The '579 patent is valid and enforceable.

8. Upon information and belief, Defendant EIG directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale E-Mail and Web-Based Mail products and/or systems provided through its websites, including but not limited to, www.ipower.com, www.ipage.com, www.startlogic.com, www.ipowerweb.com, www.dot5hosting.com, www.ehost.com, www.globat.com, www.readyhosting.com, www.webhost4life.com, www.apollohosting.com, www.freeyellow.com, www.powweb.com, www.bluedomino.com, www.entryhost.com, www.yourwebhosting.com, and www.fatcow.com that directly infringed one or more claims of the '579 patent, literally or under the doctrine of

equivalents, and/or EIG induced infringement and/or contributed to the infringement of one or more of the claims of the '579 patent by its customers.

9.     As a direct and proximate result of Defendant EIG's acts of patent infringement, Plaintiff has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

10.    Plaintiff has no adequate remedy at law against these acts of patent infringement. Unless Defendant EIG are permanently enjoined from their unlawful infringement of the '579 patent, Plaintiff will suffer irreparable harm.

## JURY DEMAND

E-Contact hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff that Defendant has infringed, directly or through intermediaries, the '579 patent, and that such infringement was willful;

2.     A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '579 patent.

3.     A judgment and order requiring Defendant pay Plaintiffs its damages, costs, expenses, and prejudgment and post-judgment interests for Defendant's infringement of the '579 patent as provided under 35 U.S.C. § 284;

4.     A judgment in favor and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

    5.      Any and all other relief to which Plaintiff may show itself to be entitled.

Dated: February 22, 2012

Respectfully submitted,

By: /s/ *Hao Ni*

Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni Law Firm, PLLC**

3102 Maple Ave. Suite 400
Dallas, TX 75201
Telephone: 214/800-2208
Fax: 214/880-2209

**ATTORNEYS FOR PLAINTIFF
E-CONTACT TECHNOLOGIES, LLC.**